RECEIVED
FEB - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY
    PLAINTIFF,

V.                                    No. 07-2340 (RJL)

POTOMAC ELECTRIC POWER
COMPANY,

    DEFENDANT.

### PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S REPLY MOTION TO DISMISS

1. Counsel again as too often is misleading and lying to the court. The test was illegal, not only because of DOT requirement, but also because the test was improperly conducted pursuant to any company policy. Any DOT agent that is familiar with the FMCSR handbook will testify that PEPCO's drugs and alcohol policy for CMV drivers is DOT. There is no statue of limitations mentioned anywhere in the FMCSR on filing a complaint with DOT, as counsel claim and why was not an enforcement order issued against PEPCO is unclear, but what Plaintiff do know that is clear was that, DOT failed to file an answer to his complaint for conspiracy for covering up federal violations, when an agent allowed PEPCO to supersede DOT federal law.

2. There is no statue of limitations on filing with DOT and Plaintiff did not file a lawsuit on PEPCO challenging his testing until mid 2007. PEPCO is a large corporation that has resources to prove their innocence, if that is the case, so why is it that counsel continue to beg the court for a dismissal. Counsel can't afford to have a hearing on not one complaint Plaintiff filed. Counsel is hoping that the court dismiss before doors start closing on her. Three doors have closen already, kidnap on appeal and two agencies failed to file an answer to the complaint that involves PEPCO.

3. Counsel again trying to shift the blame on someone. Now she is using Judge Govan to support her lies. The Dept. of Employ. Svcs. was the other agency that failed filing an answer. Judge Govan (Does) failed to answer the complaint of conspiring with PEPCO.

4. Counsel as usual discredit any witness for Plaintiff, even if that witness is an expert, and for that reason is why the Court should intervene. Bryan Brown works with the Court and if there is anyone more credible than he, then Counsel need to bring him aboard and have him dispute Brown's conclusion of the test.

5. Plaintiff is going to explain that test to Counsel the same way a DOT agent explained to him. Twelve hrs. before anyone could have tested 0.065 would not have been able to stand up and ½ hr. after that, someone test 0.40 had to be comatose. Counsel need to learn how to except the truth.

6. Counsel have been using all other tribunals as a reason to prevail on the testing issue, but her support list is trimming down leaving her to fin for herself. Counsel's ego will not allow her to throw in the towel, especially when her opponent has no law background, no income, no resources and filing Pro-Se. Counsel is probably thumbing her nose up at the Courts for allowing Plaintiff to file.

## Conclusion

For the foregoing reasons, Plaintiff respectfully request that the Court grant Plaintiff's Opposition Motion and deny Defendant's Motion to Dismiss.

Respectfully submitted,

*Benjamin Ramey*

## Certificate of Service

I hereby certify that I have caused a true and correct copy of the foregoing to be mailed first class, postage pre-paid on the 1st day of Feb. 2008 to the following individual:

Connie Bertram
1700 K St. N.W.
Wash. D.C. 20006

Respectfully submitted,

*Benjamin Ramey*
Benjamin Ramey
4251 Clay St. N.E.
Wash. D.C., 20019
(202) 213-8154