UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>POTOMAC ELEC. POWER CO., )<br>  )<br>Defendant. )<br>_____ )<br>  )<br>BENJAMIN RAMEY, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>POTOMAC ELEC. POWER CO., )<br>  )<br>Defendant. )<br>_____ ) | Civil Action No. 07-2340 (RJL) |

## MEMORANDUM OPINION

Plaintiff Benjamin Ramey filed two *pro se* complaints against his former employer, the Potomac Electric Power Company ("PEPCO"). Because the claims are barred by the doctrine of claim preclusion, sometimes known as *res judicata*, they will be dismissed pursuant to the Court's authority *sua sponte* to screen pro se complaints, 28 U.S.C. § 1915(e), and to apply the doctrine of claim preclusion, *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 77 (D.C. Cir. 1997).[1]

---

[1] PEPCO filed a motion to dismiss in each of these suits, but those motions are not the basis for this decision.

## BACKGROUND

A single set of events triggered the claims asserted in these two suits. That same set of events triggered the claims asserted in another suit Ramey, through counsel, filed against PEPCO in 2004. The 2004 suit was resolved by a final order issued March 31, 2006 granting summary judgment to PEPCO. *Ramey v. PEPCO*, 468 F. Supp. 2d 51 (D.D.C. 2006). The two instant suits were filed eighteen months later.

Ramey was a PEPCO employee and Union member whose employment with PEPCO was governed by a Collective Bargaining Agreement ("CBA") between PEPCO and the Union. *Id.* at 54 n.3. One night in August or September 2003, Ramey's work supervisor concluded, based on Ramey's appearance and conduct, that Ramey was intoxicated. *Id.* at 53. PEPCO arranged for Ramey to be tested for blood alcohol content before his shift ended. *Id.* at 53-54. The results of the alcohol test indicated that Ramey had significantly more alcohol in his blood stream than was permitted by PEPCO's written company policy. *Id.* at 54. PEPCO placed Ramey on administrative leave, *id.*, with particular conditions (Compl. 07-2132 ¶¶ 2-3). Ultimately, PEPCO concluded that Ramey had failed to meet the conditions imposed on his leave (Compl. 07-2132 ¶ 3), and terminated Ramey's employment on November 9, 2004. *Ramey*, 468 F. Supp. 2d at 54.

On or about October 18, 2004, Ramey, through counsel, filed a civil action against PEPCO and several individuals in PEPCO management, alleging discrimination, harassment, and retaliation in violation of his federal and District civil rights, and asserting common law claims of negligent hiring, training and supervision, failure to create or implement policies, and negligent and intentional infliction of emotional distress. *Ramey*, 468 F. Supp. 2d at 53. PEPCO removed

the action to this Court on December 2, 2004. Ramey sought leave to amend his complaint, which was granted. Although the amended complaint in the 2004 case alleged the fact that Ramey's employment had been terminated on November 9, 2004, *Ramey* 468 F. Supp. 2d at 54 (citing Am. Compl. ¶ 27), he did not add a claim for wrongful termination in that case. All claims were dismissed on a motion to dismiss decided March 31, 2006. Ramey was represented by counsel throughout the 2004 action. Ramey appealed, and on April 11, 2007, the United States Circuit Court of Appeals for the District of Columbia summarily affirmed this Court's judgment.

Ramey filed these two complaints against PEPCO six weeks apart in late 2007 in the Superior Court for the District of Columbia. PEPCO removed each case to this Court. Ramey disputes the reliability of the alcohol test, and disputes that it was administered in accordance with the applicable law and regulations. He also disputes that he failed to meet the conditions of his administrative leave. On this basis, Ramey claims that PEPCO wrongfully terminated his employment.[2] He also claims that PEPCO violated the Commercial Motor Vehicle Safety Act and the Department of Transportation regulations when, in Ramey's case, it administered and then relied on an alcohol test that did not comply with the regulations.[3]

## DISCUSSION

"Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because . . . it should have been advanced in an earlier suit." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (citation omitted). It's goal

---

[2] This is the sole claim asserted in Civil Action No. 07-2132.

[3] This is the sole claim asserted in Civil Action No. 07-2340.

is to promote the finality of judicial determinations, to foster reliance on judicial decisions by minimizing the possibility of inconsistent decisions, to conserve judicial resources, and to spare adversaries the vexation and expense of redundant litigation. *See Montana v. United States,* 440 U.S. 147, 153 (1979). "Under [claim preclusion] a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985) (stating that its purpose is to prevent "litigation of matters that should have been raised in an earlier suit"). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications. Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir.2005) (emphasis in the original, internal quotation marks and citation omitted).

Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004); *see also Stanton v. District of Columbia Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997) ("The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action."); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfr'g,* 723 F.2d 944, 946-47 (D.C. Cir. 1983) ("[A] final judgment on the merits in a prior suit involving the same parties . . . bars subsequent suits based on the same cause of action (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979)); 18 Wright, Miller & Cooper, Fed. Prac. & Proc. §§ 4402, 4416. A "cause of action, for purposes of claim preclusion, comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of

connected transactions, out of which the action arose." *Stanton,* 127 F.3d at 78 (internal quotation marks and citations omitted). Parties "may not relitigate any ground for relief which they already have had an opportunity to litigate — even if they chose not to exploit that opportunity" in the prior suit. *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir.1984). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Id.* Thus, an action based on the same nucleus of facts as that of a prior action is said to share the same cause of action, and therefore is barred by claim preclusion, even if the latter action is predicated on a different legal theory. In other words, claim preclusion bars a claim that could have been brought in a prior suit based on the same nucleus of facts, but was not.

For claim preclusion to apply, there must be "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Coleman v. Potomac Electric Power Co.,* No. 03-1202, 2004 WL 532192, at *2 (D.D.C. Mar.17, 2004) (quoting *Polsby v. Thompson,* 201 F. Supp.2d 45, 48 (D.D.C. 2002)). Claim preclusion does not bar a "plaintiff from later bringing claims that either could not have been anticipated when the first suit was filed or would have been utterly impracticable to join at that time." *U.S. Industries, Inc. v. Blake Const. Co., Inc.,* 765 F.2d 195, 205 n.21 (D.C. Cir. 1985); *see also Apotex,* 393 F.3d at 218.

Here, it is readily evident that Ramey and PEPCO were parties to the 2004 suit and to the pending suits. Further, it is beyond dispute that this Court had jurisdiction to, and did, render a final judgment on the merits in that suit. Finally, it clear that the same nucleus of facts giving rise to the 2004 law suit also gave rise to these two law suits filed in 2007. Although Ramey's 2004 law suit was first filed in Superior Court about three weeks before PEPCO issued its notice

terminating his employment, Ramey had the termination notice before the case was removed to this Court, before he filed an amended complaint — which expressly mentioned the termination — and sixteen months before a final order was issued. There was nothing unanticipated about Ramey's termination or impracticable about adding it as a claim to the 2004 suit. Ramey had his chance to litigate his wrongful termination claim before this tribunal and he did not. The doctrine of claim preclusion now bars him from having a second chance.

The same analysis applies to Ramey's claim that PEPCO violated the applicable laws and regulations in administering the blood alcohol test. The alcohol testing that is the basis for his sole claim in Civil Action 07-2340 occurred in 2003, and was a critical component of the nucleus of events on which Ramey based his 2004 law suit. Ramey could have and should have raised any challenge to that test in his 2004 law suit. Now, he is barred from litigating this claim after receiving a final disposition of his 2004 law suit.

## CONCLUSION

Because both of these suits are barred by the doctrine of claim preclusion, they will be dismissed, and all pending motions in these two cases will be denied as moot. A related order accompanies this memorandum opinion.

Dated:

9/25/08

_____
RICHARD J. LEON
United States District Judge